IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil No. 08-2106 (FAB/CVR) |

**OPINION AND ORDER**

Above plaintiff Luis Ortiz (hereafter "Mr. Ortiz or plaintiff") filed a complaint seeking judicial review of the decision of the above defendant, the Commissioner of Social Security (hereafter " the Commissioner"), denying his application for a period of disability and ensuing benefits. Mr. Ortiz is requesting that the final decision of the Commissioner be rescinded and he be awarded benefits or in the alternative the case be remanded for a *de novo* hearing with a medical expert and a vocational expert, for proceedings consistent with administrative laws and regulations. (Docket Nos. 1, 10).[1]

The Commissioner answered the complaint and filed a copy of the administrative transcript and the record (Docket No. 8, 9).  Plaintiff filed the memorandum of law represented by counsel Raúl Torres Rodríguez (Docket No. 10). Thereafter, defendant filed its memorandum of law (Docket No. 11). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge (Docket Nos. 12).

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
   "... [t]he court shall have power to enter, upon the pleadings and transcript
    of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Having considered defendant's brief, counsel for plaintiff's well-drafted memorandum of law, as well as the administrative record containing the medical evidence on file, this United States Magistrate Judge finds the Commissioner's decision is not supported by substantial evidence in the record as a whole and should be remanded for further administrative action to include testimonies of a vocational and a medical expert, as well as consideration of the medical evidence on record.

## I.   General Background.

Plaintiff Ortiz was a forty eight (48) years old male at the time of the administrative application, with high school education and two (2) years of college, who had worked as a collection agent, delivery man and shipping clerk. Plaintiff claimed disability since August 5, 2005 because of a back injury and a mental condition. The initial application was denied and the requested administrative hearing was held on April 7, 2008. (*Tr. pp.381-400*).

Mr. Ortiz meets the disability insured status through the date of the decision of the Administrative Law Judge (hereafter "the ALJ").

## II.   Procedural History and the Administrative Hearing.

The ALJ's opinion of May 8, 2008 examined and discussed plaintiff Ortiz' condition through the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the date of the administrative decision; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) has an impairment or a combination of impairments considered "severe" based upon the

Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  At the remaining fifth step of the evaluation process required for sequential analysis, although plaintiff's impairments were considered severe because of an affective disorder, diagnosed as depression, together with a back and cervical conditions, in addition to pain, the ALJ still considered plaintiff could carry out work of light nature. *(Docket No. 8, Transcript pp. 23-32).*  Nonetheless, the ALJ concluded that, due to his limitations, he was unable to perform his previous work as a collection agent.  Still, the ALJ considered plaintiff retained the residual functional capacity to perform the full range of light work and that he had no other significant limitation or these had little or no effect on the occupational base of unskilled light work, plaintiff was considered not disabled as directed by Medical-Vocational Rule 202.21. (*Id. pp. 31-32*).

The ALJ discussed in the administrative opinion the medical evidence and determined not to provide controlling weight to the treating physician's opinion for considering same conclusory.  The ALJ did not provide credibility either to plaintiff's complaints as to pain.  Although there are both treating and individual physicians as to the musculo-skeletal and the mental conditions, the ALJ discredited both in his opinion for not being consistent nor well-supported.  (*Tr. p. 30).*  The ALJ expressed he was providing greater weight to the opinions of the state agency (the State Insurance Fund) regarding the severity of plaintiff's physical and mental impairment for being consistent and supported by the preponderance of medical and other consistent evidence in the record.  (*Id. p. 31*).

We now examine if the evidence in the record as a whole provides substantial evidence as to the ALJ's opinion finding no significant disability which was adopted as the final decision of the Commissioner.

## IV. Analysis.

### A. Legal Standard.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence as affirmed by the Appeals Council. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, Title 42, United States Code, Section 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. *See* Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Title 42, United States Code, Section 423(d)(1)(a). A claimant is unable to

<u>Opinion and Order</u>
<u>Luis Ortiz  v. Commissioner of SS</u>
<u>Civil No. 08-2106 (FAB/CVR)</u>
<u>Page No. 5</u>

engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work.  Title 42, <u>United States Code</u>, Section  423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered.  20 C.F.R. § 404.1520(a).  A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987); <u>Goodermote v. Secretary of Health and Human Services</u>, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant  is engaged in "substantial gainful activity."  If he/she is, disability benefits are denied. §§ 404.1520(b). If he/she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude

substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

Turning to this case, the ALJ found plaintiff Ortiz meets the insured status requirements through September 30, 2009. He has not engaged in substantial gainful activity since August 5, 2005, the alleged onset date of disability. Additionally, plaintiff has a severe combination of impairments related to disorders of the back and an affective disorder. Nonetheless, at step 4, the ALJ concluded plaintiff does not have an impairment or combination of impairments which meet or equal the listed impairments. (*Tr. P. 25*).

Considering the mental impairment, the ALJ concluded it did not meet or equal the criteria and since it did not cause at least two marked limitations or one marked limitation and repeated episodes of decompensation, the mental condition was not considered severe to prevent plaintiff from working. Thus, at step 5, the ALJ determined plaintiff Ortiz retained the capacity for light work. (*Id. p. 26*). The ALJ considered the pain alleged by plaintiff Ortiz was not supported by objective medical findings, failing to establish severe or advanced physical or mental pathology, and was not credible nor resulted in limitations. As such, the ALJ concluded plaintiff Ortiz retained the residual capacity to perform medium work. (*Id. p. 28*).[2] Furthermore, the ALJ stated plaintiff Ortiz could not perform his past relevant work as a collection agent due to the limitations indicated. (*Tr. p. 31*).

A full range of light work involves lifting of no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighting up to ten (10) pounds. It requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm and legs control. An individual must be considered capable of performing a full or wide range of light work when having the ability to do substantially all of these activities.

In opposition to the ALJ's opinion, plaintiff Ortiz states, quite reasonably, that his previous work as a debt collector is a light type of work but the ALJ still concluded he could not perform same. However, since there is no specific determination as to how the ALJ concluded that plaintiff Ortiz was not disabled and could perform light work but not

---

[2] Some confusion appears on the record since at p. 26 it appears the ALJ determined the physical residual functional capacity for light work not for medium type of work as indicated at p. 28.

perform his previous job as a debt collector, there is a lack of consistency at the administrative level and no explanation that could assist in interpreting such determination.

We do take notice that, upon considering an absence of non-exertional limitations when the ALJ found no severe mental condition,[3] the ALJ was able to utilize the Grid to find plaintiff not disabled,[4] once having relied on the subsidiary finding that he could perform light work (involving occasional lifting/carrying of up to 20 pounds).[5]

In addition, the ALJ found not credible any limitations imposed by pain. The ALJ made an extensive explanation of having considered pain under the Avery standard.[6] This standard would require under the Social Security Act to consider subjective complaints of pain, and there must be a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged. Other evidence, including the statements of

---

[3] Limitations of functions are classified as exertional or non-exertional. *See* 20 C.F.R. §404.1569a. Impairments, including pain, can cause exertional and/or non-exertional limitations of functions. Exertional limitations are those that affect a claimant's "ability to meet strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling". Non-exertional limitations are those that affect a claimant's "ability to meet the demands of jobs other than the strength demands". Examples of non-strength demands of jobs are the ability to concentrate or to perform "the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching."

[4] If a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability. Ortiz v. Sec'y of Health & Human Serv., 890 F.2d 520, 524 (1st Cir. 1989).

[5] The Grid is based on a claimant's exertional capacity and can only be applied when claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level. Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994).

[6] Avery v. Sec'y of Health & Human Services, 797 F.2d 19 (1st Cir. 1986). Once there are medical signs and findings that show the existence of a medical impairment which could reasonably be expected to produce the pain alleged, disability is established if such findings, considered with all the evidence including statements of the individual or his physician as to the intensity and persistence of such pain, would lead to a conclusion that the individual is under disability.

plaintiff or his physician are also to be considered, if these are consistent with the medical findings. So long as these statements are not inconsistent with the objective findings, the Avery standard should permit a finding of disability when the medical findings alone would not.

When considering pain, the ALJ must inquire into six factors set in Avery, to wit; (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities. *See* Nguyen v. Chater, 172 F.3d at 34.

While it is proper to discount evaluation of a physician who relies excessively on the patient's subjective symptoms, rather than on objective medical findings, clinical findings not confirmed by laboratory results on the grounds of being subjective should not be easily disposed. *See* Rodríguez Pagán v. Secretary of Health & Human Serv., 819 F.2d 1, 3 (1st Cir. 1987).

In the instant case, a statement by the ALJ of having considered pain under Avery would be deemed insufficient, if the record and the medical evidence, including MRI examinations and consistent pain treatment endured by plaintiff, which included blockings for a painful back condition, visits to the emergency room and continuous medication, in addition to indication on the record that the patient underwent a discectomy/diskectomy on 4-12-2006, would have reasonably lead to a conclusion that pain existed as to a cervical,

shoulder and back conditions. A conclusion by the ALJ that allegations of pain were not credible is not supported by substantial evidence in the record as a whole.

The ALJ further mentioned plaintiff's treatment was conservative, yet sets aside the longitudinal history that plaintiff underwent a discectomy to reduce back pain and had made numerous visits for emergency treatment, as well as received blockings. (*Tr. pp. 327*).

Plaintiff Ortiz had been under treatment of the State Insurance Fund after a work accident both for his exertional neck and back pain, as well as for psychiatric treatment. He was hospitalized for ten (10) days at the San Juan de Capestrano mental clinic after attempting to hang himself and then remained for ten (10) days under partial hospitalization. The ALJ determined there was no mental component which would restrict the residual functional capacity for the full range of light work.

The ALJ used the GRID as a framework for the decision based on plaintiff's residual functional capacity, after making a finding of no significant non-exertional limitations, which is not supported by substantial evidence in the record.

**1.  Conclusions of Law**.

A review of the ALJ's decision shows he found the objective evidence established the presence of medical impairments which could reasonably be expected to cause the symptoms alleged, but not to the extent claimed. In reviewing the decision of the ALJ, we still consider the Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise)).

*See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An Administrative Law Judge is not required to give greater weight to opinions of treating physicians in social security disability case.  Arroyo v. Secretary of Health and Human Services, 932 F.2d 82 (1st Cir. 1991).  *See* Rodríguez Pagán, 819 F.2d at 1 (opinions of physicians in social security disability proceeding are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician).  To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record.  Conflicts in the evidence are for the Commissioner, not the courts.  Rodríguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981).  *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodríguez Pagán, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir.1981).

However, it is also well established that the treating physician's opinions must be given considerable weight in determining disability, even if not deemed conclusive. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir.1994). Thus, the ALJ may disregard the treating physician's opinion with a showing of good cause. Moreover, "the good cause

exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id*. (citing <u>Scott v. Heckler</u>, 770 F.2d 482, 485 (5th Cir. 1985)). <u>Sánchez v. Commissioner of Social Security</u>, 270 F.Supp.2d 218, 221 (D. Puerto Rico 2003).

One non-examining or consultative evaluations herein submitted a residual functional assessment upon which the ALJ may have relied for his conclusion that claimant could perform light type of work. (*Tr. p. 327*).[7] *See* <u>Gordils v. Secretary of Health and Human Services</u>, 921 F.2d 327, 329 (1st Cir.1990) (*per curiam*) (the opinion of an examining consultant and a non- examining physician who completed an RFC assessment can constitute "substantial evidence"). Nevertheless, the ALJ's opinion considered plaintiff Ortiz could perform light work and on another occasion indicated medium type of work.

Plaintiff Ortiz' testimony indicated having significant assistance in all chores, personal and household by his companion, not to drive, being taken to his medical appointments, getting help to get his shoes on because he could not bend and to take bath. The testimony at the administrative hearing revealed plaintiff Ortiz, in addition to the State Insurance Fund, was also undergoing private psychiatric treatment for his mental

---

[7] The assessment indicated also the patient continued with upper and lower back pain, as well as shoulder pain, without evidence of atrophy or tenderness in cervical and lumbar area. The patient had an antalgic gait favoring the left leg, some decrease in sensory lateral aspect of the left thigh and left foot and dorsomedial aspect of the right foot.

condition. However, no report for the last four (4) appointments were made available to the ALJ (*Tr. p. 336-337)*.[8]

The ALJ is entitled to consider how the claimant's testimony fits with the rest of the evidence of record. *See* <u>Frustaglia v. Secretary of Health and Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987). The ALJ avers having considered plaintiff Ortiz' pain under the <u>Avery</u> standard, without much discussion. The ALJ failed to acknowledge plaintiff complies with the strictures of <u>Avery</u> in regard to complaints of pain which were supported by clinical findings in the record as a whole. He has continued with pain treatment after undergoing a discectomy,[9] as well as with prescribed medications.[10] The record provides support for the existence of narrowing of C6-C7 intervertebral space with discogenic disease changes and marginal anterior osteophrytic changes of the cervical spine. (*Tr. p. 239*). The MRI of the lumbar spine revealed disc desiccation and narrowing of the intervertebral disc spaces at L4-L5 and L5-S1 levels with mild generalized hypertrophy of the apophyseal joints. There was disc herniation at L4-5 level with compression of the dural sac. The disc was below the intervertebral spine and could not exclude the possibility of a migrated disc or free fragment. Mild posterior disc bulge was seen at L5-S1 associated with central annular tear. (*Tr. p. 325*). The shoulders indicate joint spaces showing early degenerative osteoarthritic

---

[8] We must additionally take notice that transcript pages 311-322 are illegible.

[9] The record shows the procedure notes for a diagnosis of herniated nucleus pulposus 4-12-2006 removed tissue at L4-L5. (*Tr. p. 181*).

[10] The prescriptions entailed: Toradol 60mg., Norflex, 60 mg., Neurontin 600 mg., Relafen 500 mg., among others for the pain; and Prozac, Elavil, Tranxene, and Restoril for the depression.

changes along the AC joint with evidence of calcific tendinitis with mild subacromial effusion. (*Tr. p. 326*).

In addition to pain, plaintiff has a non-exertional diagnosed condition related to mental health problems. There is indication that, besides all the musculo-skeletal conditions, plaintiff presented severe depressive disorder although he had been compliant with medications and which required psychiatric hospitalization. (*Tr. p. 306*). The diagnosis has been of major depression severe, with psychotic traits. (*Tr. p. 296*).

To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[11] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

When the severity of claimant's symptoms are supported by objective medical evidence from the treating physician, the ALJ would be required to provide clear and convincing reasons for rejecting the claimant's testimony unless there is evidence of malingering. Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir.1996); Nguyen v. Chater, 172

---

[11] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

F.3d at 33 (finding the ALJ erred in assessing claimant's residual functional capacity by ignoring medical evidence, substituting his judgment for that of medical professionals and improperly discounting the opinion of a treating physician). An ALJ would then proceed to the determination of claimant's residual functional capacity taking into account the severity of claimant's pain and the extent to which it impeded the ability to work. *See* Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 25 (1st Cir.1986). In making this assessment, the ALJ is required to consider evidence in addition to medical tests, including, inter alia, claimant's statements, opinions of treating physicians, reports of claimant's activities and claimant's course of treatment. 20 C.F.R. § 404.1529(c). Nguyen v. Chater, 172 F.3d at 33.

As a lay person, however, the ALJ is simply not qualified to interpret raw medical data in functional terms and when there is no medical opinion supported said determination. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15 (1st Cir.1996); Pérez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir.1991); Berríos López v. Secretary of Health and Human Services, 951 F.2d 427 (1st Cir.1991); Gordils v. Secretary of Health and Human Services, 921 F.2d at 329; see Nguyen v. Chater, 172 F.3d at 35. Of course, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment. *See, e.g., id.*

But when, as in this case, a plaintiff has sufficiently put in issue a functional inability to perform his prior work, the ALJ must measure the plaintiff's capabilities, and to make

that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person. The question whether substantial evidence supports the ALJ's finding that plaintiff retains the functional capacity to do all levels of light type exertion and the use of the GRID upon a determination of non-exertional components, without a vocational expert's testimony who could testify as to the possibility of considering limitations imposed to plaintiff because of exertional and non-exertional conditions, leaves substantial evidence out of the range to support the ALJ's conclusion. If such evidence would then suggest a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions, then we should uphold the ALJ's finding; otherwise, we cannot (in the absence of an expert's opinion). *See* Pérez, 958 F.2d at 446-47; Gordils, 921 F.2d at 329.

In view of the foregoing, this Magistrate Judge considers the decision of the Commissioner lacks substantial evidence in support. A remand on disability determinations is appropriate for the administrative agency to be able to consider new evidence since new evidence would be material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. In fact, plaintiff Ortiz, who is still insured during this year 2009, failed also to provide complete evidence of his private mental treatment. This new evidence meets the materiality requirement if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that the new

evidence would have changed the outcome.[12] A remand is thus the proper remedy herein as in an alternative proposed by counsel for plaintiff. In such a fashion, the Commissioner will be able to fulfill his role of resolving conflicting evidence, a task which is not ours to perform. <u>Freeman v. Barnhart</u>, 274 F.3d 606, 609 (1st Cir. 2001); <u>Walker v. Bowen</u>, 834 F.2d 635, 639-40 (7th Cir. 1987).

The Social Security statute, 42 U.S.C. § 423(d)(2)(c), and the Secretary's regulations, 20 C.F.R. § 404.1523, require the Secretary to consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity, pain is to be properly assessed unless found not credible. If the ALJ finds, as he may, that any treating physician's opinion is not credible, then he must comply with the regulations by explicating his grounds. The ALJ must also consider the extent to which plaintiff's exertional or non-exertional impairments, the latter as shown by the mental health condition, may compromise the ability to perform the full range of work within the residual functional capacity.

### Conclusion

For the reasons stated above, this United States Magistrate Judge, having scrutinized the record and the evidence therein as a whole, finds that the decision of the ALJ is not

---

[12] "We have held, accordingly, that where an ALJ reaches conclusions about claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence. <u>Rivera-Figueroa v. Secretary of Health and Human Services</u>, 858 F.2d 48, 52 (1st Cir.1988); <u>Rivera-Torres v. Secretary of Health and Human Services</u>, 837 F.2d 4, 7 (1st Cir.1988)." *See* <u>Pérez v. Secretary of Health and Human Services</u>, 958 F.2d 445, 446 (1st Cir. 1991).

<u>Opinion and Order</u>
<u>Luis Ortiz v. Commissioner of SS</u>
<u>Civil No. 08-2106 (FAB/CVR)</u>
<u>Page No. 18</u>

supported by substantial evidence.  Therefore, it is **ORDERED** that the Commissioner's decision **BE REMANDED for further action consistent with this opinion**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of February of 2009.

                                    S/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ RIVE
                                    United States Magistrate Judge